UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| JOEMALE MARQUISE LAMONT WIGGLY, | |
| Plaintiff, | |
| v. | CAUSE NO. 1:26-CV-032 DRL-SJF |
| ROSE, | |
| Defendant. | |

OPINION AND ORDER

Joemale Marquise Lamont Wiggly, a prisoner without a lawyer, filed a complaint. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotations and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Mr. Wiggly complains about medical issues he experienced at the Allen County Jail beginning on November 30, 2025.[1] His symptoms included watery stools, hard stools, sleeplessness, and stinging pain after bowel movements. He was seen by a doctor

---

[1] He has since been transferred to the Indiana Department of Correction Reception Diagnostic Center. ECF 6.

"multiple times" but didn't receive a "resolution." ECF 1 at 2. He asked to see an outside specialist, but his request was refused. Mr. Wiggly believes he will be stuck with the symptoms "till the end of my days." *Id*. He has sued "Quality Correctional Care/Dr. Rose" for monetary damages. *Id*. at 1.

Because the events Mr. Wiggly is suing about took place while he was a pretrial detainee, his claims must be analyzed under the Fourteenth Amendment. *See generally Miranda v. Cty. of Lake*, 900 F.3d 335 (7th Cir. 2018). Under that standard, he is entitled to adequate medical care for his serious medical needs, which requires jail staff to take "reasonable available measures" to address a "risk of serious harm" to an inmate's health or safety. *Pittman v. Madison Cnty.*, 108 F.4th 561, 572 (7th Cir. 2024). "An objectively serious medical need is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Wynn v. Southward*, 251 F.3d 588, 593 (7th Cir. 2001) (quotations and citation omitted). Whether a defendant is providing reasonable care is determined by a purely objective standard. *Pittman*, 108 F.4th at 572. First, the plaintiff must allege the defendant performed a volitional act or made a deliberate choice not to act. *Id.* at 570. "This framing asks strictly whether the defendant intended to commit the physical act that caused the alleged injury." *Id*. "[L]iability for *negligently* inflicted harm is categorically beneath the threshold of constitutional due process." *Kingsley v. Hendrickson*, 576 U.S. 389, 396 (2015) (quotations omitted). Then, the reasonableness of that action or inaction is assessed based on whether "reasonable [individuals] under the circumstances would have understood the high degree of risk involved, making the

2

consequences of the defendants' conduct obvious." *Pittman*, 108 F.4th at 572 (emphasis omitted). Whether the defendant actually knew that his action or inaction would cause harm is irrelevant under the Fourteenth Amendment. *Id.* "[W]hen evaluating whether challenged conduct is objectively unreasonable, courts must focus on the totality of facts and circumstances." *Mays v. Dart*, 974 F.3d 810, 819 (7th Cir. 2020) (quotations omitted).

Here, Mr. Wiggly's allegations are too vague to state a claim. He doesn't mention Dr. Rose anywhere in the body of the complaint, so it's unclear what role Dr. Rose played in his medical care. *See Moderson v. City of Neenah*, 137 F.4th 611, 617 (7th Cir. 2025) ("A defendant cannot be held liable for a constitutional violation if she did not cause or participate in the alleged violation.") (citation omitted)); *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007) ("Only persons who cause or participate in the violations are responsible."); *see also Aguilar v. Gaston-Camara*, 861 F.3d 626, 633 (7th Cir. 2017) ("[T]he division of labor is critical to the efficient functioning of the [prison] organization."); *Burks v. Raemisch*, 555 F.3d 592, 594 (7th Cir. 2009) (no general *respondeat superior* liability under 42 U.S.C. § 1983).

Moreover, even assuming Dr. Rose was the doctor whom he saw "multiple times," Mr. Wiggly hasn't stated a plausible claim. He doesn't provide any details about those specific visits, what happened during them, or whether he was provided with any treatment. The fact that his request to see an outside specialist was denied, without more, doesn't rise to a constitutional violation. *See, e.g., Walker v. Wexford Health Sources, Inc.*, 940 F.3d 954, 965 (7th Cir. 2019) (inmates are "not entitled to demand specific care").

3

The complaint is short on facts, dates, and specifics about the medical treatment Mr. Wiggly has received. Based on what it does say, it is not plausible to infer that he is not receiving constitutionally adequate medical care. A complaint must contain sufficient factual matter "to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (quotation marks, citations and footnote omitted). "[When] the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quotations and brackets omitted). Thus, "a plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that *might* be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010).

This complaint does not state a claim for which relief can be granted. If Mr. Wiggly believes he can state a claim based on (and consistent with) the events described in this complaint, he may file an amended complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir.

4

2018). To file an amended complaint, he needs to write this cause number on a **<u>Pro Se 14 (INND Rev. 2/20) Prisoner Complaint</u>** form, which is available from his law library. He needs to write the word "Amended" on the first page above the title "Prisoner Complaint" and send it to the court after he properly completes the form.

For these reasons, the court:

(1) GRANTS Joemale Marquise Lamont Wiggly until **March 11, 2026**, to file an amended complaint; and

(2) CAUTIONS Joemale Marquise Lamont Wiggly if he does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

SO ORDERED.

February 4, 2026                               *<u>s/ Damon R. Leichty</u>*
                                               Judge, United States District Court

5